UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DALE G. BENJAMIN**                                              **CIVIL ACTION**

**VERSUS**                                                        **NO. 17-7015**

**MARLIN GUSMAN**                                                 **SECTION: "E"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Dale G. Benjamin, a state pretrial detainee, filed this this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman. In this lawsuit, plaintiff states that he was bitten by a spider and has received inadequate medical care for that and other ailments while incarcerated at the Orleans Justice Center.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is ... malicious ...." 28 U.S.C. § 1915A(b)(1). Similarly, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law also provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... is ... malicious ...." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is considered to be malicious if the claims therein duplicate claims asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. Bailey

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

The complaint in the instant lawsuit is virtually identical to the complaint filed by plaintiff in another lawsuit currently pending in this Court: Benjamin v. Gusman, Civ. Action No. 17-7014 "F"(5) (E.D. La.). On September 28, 2017, United States Magistrate Judge Michael B. North entered an order in that case stating:

> Given the allegations presented in Plaintiff's complaint, the Compliance Director of the Orleans Justice Center ("OJC") is directed to have Plaintiff promptly evaluated by the OJC physician and to be provided with such treatment as may reasonably be recommended by the physician. Thereafter, a copy of the physician's report detailing the results of the evaluation is to be provided to the Court for its review. For screening purposes under 28 U.S.C. §1915A, the Court is also to be provided with a copy of Plaintiff's OJC medical records, with a copy thereof to be furnished to Plaintiff as well.

Because the claims in the instant complaint duplicate the claims asserted and already under review in Civil Action No. 17-7014 "F"(5), the instant complaint should be dismissed as malicious.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED** as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). It is **FURTHER RECOMMENDED** that his claims be **DISMISSED WITHOUT PREJUDICE** to their prosecution in Civil Action No. 17-7014 "F"(5).[2]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[2] In the event that the District Judge determines that the instant complaint should not be dismissed as malicious, the undersigned alternatively recommends that this action be transferred to Section F and Magistrate Division 5 pursuant to Local Rule 3.1.1 for handling and possible consolidation with Civil Action No. 17-7014 "F"(5).


attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of October, 2017.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**